IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Timothy A. Miller, | : | |
| Plaintiff | : | Civil Action 2:08-cv-00281 |
| v. | : | Judge Sargus |
| Ohio Department of Rehabilitation and Correction, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |
| | : | |

## Order

Plaintiff Timothy A. Miller, an inmate at Belmont Correctional Institution, brough this action, which he styled a prisoner civil rights under 42 U.S.C. §1983. The Magistrate Judge issued an April 15, 2008 Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b) and 42 U.S.C. §1997e(c), which treated the complaint as a petition for writ of habeas corpus because he read the complaint to challenge the validity of Miller's sentences of incarceration. This matter is before the Court on Miller's April 25, 2008 motion to reconsider the Report and Recommendation (doc. 6).

Miller argues that his complaint does not challenge the fact or duration of his sentence. The complaint alleges that on December 15, 2005 Miller pleaded guilty in the Carroll County Common Pleas Court to failure to comply with the order or signal of a police officer and was sentenced to a term of two years in prison and three years post-

release control. (Doc. 1-3, pp. 8-11.) On May 17, 2006, Miller appeared in the Stark County Common Pleas Court. He had previously pleaded guilty to felonious assault, imposition of sentence had been suspended, and he had been placed on community control sanctions. On May 17, 2006, the Court found that Miller had violated the terms of his community control. The Court revoked community control and re-imposed the original sentence. He received credit on that sentence for 112 days he had served at the Stark Regional Community Correctional Center.

The complaint alleges that Miller "was only convicted of one count of failure to comply" in the Carroll County Common Pleas Court, "therefore consecutive sentencing wasn't authorized." It further asserts that neither the Carroll County Common Pleas Court or the Stark County Common Pleas Court had the authority to impose consecutive sentences. The complaint pleaded that the Ohio Department of Rehabilitation and Correction, Bureau of Sentence Computation did not have the authority to "increase Miller's punishment by re-fashioning Carroll County's punishment as consecutive to a term not in force" when it was imposed.

The complaint seeks money damages and a declaration enjoining further consecutive service of the term of incarceration imposed by the Carroll County Common Pleas Court.

When a prisoner challenges the duration of his confinement, his sole federal remedy is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 787 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997).

2

Here Miller is challenging the fact of his continued incarceration. He maintains that the Ohio Department of Rehabilitation and Correction has improperly calculated his sentence by determining that the running the Carroll County Common Pleas Court sentence consecutive to the Stark County Common Pleas Court sentence. The effect of a decision in his favor would be his release from custody. His remedy is to file an Ohio court habeas corpus action challenging the actions of the Ohio Department of Rehabilitation and Correction and/or the Ohio Adult Parole Authority. See, *State ex rel. White v. Ohio Adult Parole Authority*, 98 Ohio State 3d 290, 291 (2003). If he obtains relief through habeas corpus, plaintiff can then file his action under 42 U.S.C. § 1983.

Accordingly, plaintiff Miller's April 25, 2008 motion to reconsider the Report and Recommendation (doc. 6) are OVERRULED. The Court ADOPTS the April 15, 2008 Report and Recommendation. The Clerk of Court is DIRECTED to enter JUDGMENT dismissing the complaint without prejudice.

9-10-2008
Edmund A. Sargus, Jr.
United States District Judge